**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

February 4, 2011

Randall B. Blake, Esq.
Counsel for Debtor
505 West 9th Street
Sioux Falls, South Dakota  57104-3668

All Seasons Property Maintenance
Kim Hansen, Office Manager
Post Office Box 25
Harrisburg, South Dakota  57032

       Subject: *In re Sheila Kay Sachariason*
                Chapter 7, Bankr. No. 10-40634

Dear Mr. Blake and Ms. Hansen:

    The matter before the Court is Debtor Sheila Kay Sachariason's Motion to Avoid Certain Lien (doc. 20). This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, Debtor's motion will be granted.

    *Summary of material facts.* Sheila Kay Sachariason ("Debtor") filed a chapter 7 petition in bankruptcy. Debtor claimed her homestead in Sioux Falls, South Dakota exempt under 11 U.S.C. § 522(b) and S.D.C.L. § 43-45-3. No one timely objected to her claimed homestead exemption. No one timely objected to her discharge, either, and an order discharging her debts was entered October 27, 2010.

    Debtor filed a motion under 11 U.S.C. § 522(f) to avoid the judicial lien held by All Seasons Property Maintenance ("All Seasons") against Debtor's exempt homestead. All Seasons timely filed a response and requested Debtor not be discharged from her obligation to it for services provided to her. The matter was taken under advisement.[1]

    *Discussion.* Section 522(f) of the bankruptcy code provides judicial liens against a debtor's exempt homestead may be avoided or removed so the creditor holding the judgment lien can no longer enforce it. The purpose of the statute is to ensure a debtor's financial "fresh start." *Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich)*, 328 F.3d 406, 408 (8th Cir. 2003). The statute includes a formula that takes into consideration the value of the house and the amount of the mortgages and other voluntary encumbrances against it. 11 U.S.C. § 522(f)(2). If, after deducting

---

    [1] The material facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

*In re Sachariason*
February 4, 2011
Page 2

these voluntary encumbrances, there is not enough equity in the house to support the full amount of the allowed homestead exemption, the debtor may avoid any involuntary judgment liens that reduce (impair) the amount of equity available for the homestead exemption. 11 U.S.C. § 522(f)(1). Whether the debt underlying the discharge may be excepted from the debtor's general discharge of debts is not relevant to the lien avoidance procedure under § 522(f). *Treadwell v. Glenstone Lodge, Inc. (In re Treadwell)*, 423 B.R. 309, 319-20 (B.A.P. 8th Cir. 2010).

In this case, Debtor did not have sufficient equity in her house to support the full value of her allowed homestead exemption of $60,000.00. In fact, she only has $2,444.00 in equity to support her homestead exemption. To maximize that exemption to the extent allowed by law, under § 522(f), All Seasons' judgment lien for $355.82 must be avoided. That increases Debtor's homestead exemption and furthers her financial fresh start.

All Seasons' *in personam* ("against a person") claim against Debtor was discharged without objection on October 27, 2010. Its *in rem* ("against a thing") claim against Debtor's house is also now appropriately avoided under § 522(f) based on the calculations mandated by the statute. The statute does not allow the Court to adjust the result of § 522(f) for equitable reasons. Accordingly, an order granting Debtor's motion will be entered.

Sincerely,

*/s/ Charles L. Nail*

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc: case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sheila Kay Sachariason
2200 S. Arbor Circle
Sioux Falls, SD 57106

All Seasons Property Maintenance
PO Box 25
Harrisburg, SD 57032

American Home Servicing, Inc.
PO box 631730
Irving, TX 75063